J. PAUL JAMIESON, APPELLANT, v. JOHN A. MARTIN, RESPONDENT.

Submitted December 10, 1923—Decided February 1, 1924.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"The writ of *certiorari* in this case brings up for review the conviction of J. Paul Jamieson before, John Martin, Esq., a justice of the peace of Morris county, for the driving of an automobile when intoxicated.

"Jamieson was a county detective of Morris county. On July 16th, 1922, at one A. M., in the township of Roxbury, Morris county, he drove his car, at a high rate of speed, from the roadway into premises occupied by Mr. Carl A. Nelson, striking the front porch of Mr. Nelson's dwelling-house, and totally wrecking it.

"The conviction is sought to be set aside because the complaint fails to charge the violation of any statute or law, and fails to set out any facts disclosing a violation. The complaint is loosely drawn. It charges 'that on the 16th day of July, A. D. 1922 [and from thence hitherto], at the township of Roxbury, in the county of Morris, one Paul Jamieson, of Morristown, did drive a Buick car No. 116,244, under the influence of intoxicating liquor, with one Frank Dempsey, about one o'clock A. M., and did damage said deponent's property at Ledgewood, against the law of the state, wherefore he prays that the said J. P. Jamieson may be apprehended and be held to answer to said complaint, and dealt with as law and justice may require.' We deem it, however, sufficient. It is not necessary that the statute alleged to be violated should be specifically mentioned in the complaint. 16 Corp. Jur. 353, § 644.

"The second ground for reversal is that the record of the conviction is fatally defective because the court does not refer to any evidence upon which he bases the conviction. The record of the conviction sets forth the evidence of some thirteen witnesses, respecting the intoxication of Jamieson. One of these witnesses was a Dr. Mutchler, who said:

" 'I am a practicing physician at Dover, New Jersey. I was called to police headquarters at Dover on the morning of July 16th, 1922, about one-fifty. I examined J. Paul Jamieson, the defendant, there at that time. He was suffering from acute alcoholism. He was not in a fit condition to drive an automobile. He was incoherent in speech, his eyes were dilated, he had the odor of whiskey upon him, and he was unsteady. He was certainly not competent to drive a car.'

"This testimony is set forth in the record of conviction. After setting forth the testimony, the record of the conviction says, 'all of which testimony convinced me that defendant was guilty of the offense charged against him as aforesaid.'

"It seems to us that the record of the conviction is full and complete. These are all of the reasons argued upon the brief for the prosecutor.

"The conviction is affirmed."

For the appelant, *King & Vogt.*

For the respondent, *James H. Bolitho.*

Per Curiam.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion of the Supreme Court.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Parker, Minturn, Campbell, Gardner, Ackerson, Van Buskirk, Clark, JJ.    10.

*For reversal*—None.